IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VINCENT EDWARD HARRIS,<br><br>                Plaintiff<br><br>VS.<br><br>ROSE WILLIAMS,<br><br>                Defendant | NO. 5:07-CV-91 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Defendant ROSE WILLIAMS has filed a motion to dismiss the instant action, contending that plaintiff VINCENT EDWARD HARRIS has failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1995. Tab #8. Plaintiff has responded to the defendant's motion and supplemented his response after being ordered to do so by the undersigned. Tabs #18 and #22.

Under 42 U.S.C. §1997e(a), a prison inmate is required to exhaust all available administrative remedies before filing suit under §1983. The 11th Circuit has held that in order to satisfy the exhaustion requirement of §1997e(a), an inmate incarcerated by the state prison system must first comply with the grievance procedure established by the state before filing a federal suit. *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). This includes seeking leave to file an out-of-time grievance if a grievance is denied as untimely. *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999). This requirement prevents inmates from doing an end-run around §1997e(a) and gaining access to federal courts by merely filing an untimely grievance. *Id*. In deciding if an inmate has exhausted all available remedies, the court will not examine the effectiveness of the remedy but focus solely on whether the administrative remedies available were exhausted. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

After the plaintiff filed his initial response to the defendants' motion to dismiss, the undersigned directed him to supplement his response and include evidence of his having exhausted administrative remedies. The evidence he has submitted is unavailing as the only document he has given the court is the denial of his original grievance which does not show that it was appealed at all. The only evidence before the court with respect to an appeal, therefore, is the affidavit of Shavondah Fields, which shows that as of the date the plaintiff filed the instant federal case, March 12, 2007, the plaintiff had not appealed the warden's denial of his grievance at all, and would not until two days later, on March 14, 2007. Affidavit of Shavondah Fields, Tab #8-3 at ¶20. As of May 16, 2007, the plaintiff's appeal had not been ruled on. Id. at ¶22.

Because the plaintiff had additional administrative remedies available to him in the form of an appeal of the warden's denial of his grievance, IT IS RECOMMENDED that the defendant's motion to dismiss be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 25th day of JULY, 2007.



                                                      CLAUDE W. HICKS, JR.
                                                      UNITED STATES MAGISTRATE JUDGE